# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 25, 2025

Lyle W. Cayce
Clerk

————————

No. 24-50707
Summary Calendar

————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Rene Hernandez Cordero,

*Defendant—Appellant*.

————————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:23-CR-1842-3

————————————————————————

Before Higginbotham, Jones, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Rene Hernandez Cordero was sentenced to 300 months of imprisonment after being convicted of conspiracy to possess with intent to distribute 500 grams or more of methamphetamine, conspiracy to conduct straw purchases of firearms, conspiracy to engage in firearms trafficking, and conspiracy to commit bulk-cash smuggling. On appeal, he contends that

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

there was insufficient evidence in support of his methamphetamine-trafficking conviction, that a variance exists between the indictment and the proof offered at trial in support of his methamphetamine-trafficking conviction, that the district court erred in calculating his base offense level, and that the district court erred in determining that his offense involved methamphetamine importation.

Hernandez Cordero first argues that there is no evidence that he had knowledge of the conspiracy or the specific intent to participate in methamphetamine transactions that occurred in late March 2023, or that he knew that the scope of the methamphetamine-trafficking conspiracy involved at least 500 grams of methamphetamine. Because Hernandez Cordero did not challenge the sufficiency of the evidence as to knowledge, voluntariness, or drug quantity, we review this issue for plain error only. *See United States v. Suarez*, 879 F.3d 626, 630 (5th Cir. 2018).

Here, there was evidence that Hernandez Cordero was a coordinator for a drug cartel that smuggled firearms from the United States into Mexico and narcotics from Mexico into the United States. While his role in the conspiracy was primarily to coordinate the transportation of firearms, there was evidence he also assisted in coordinating methamphetamine smuggling into the United States, including his attempt to find someone to pick up and hold 22 packages of methamphetamine at the request of a cartel operative. Moreover, while he claims that he had no knowledge of the methamphetamine transactions that occurred in late March 2023, evidence was offered demonstrating that he discussed the seizure of methamphetamine and fentanyl by the FBI after Brian Muñoz-Castro, the stash house operator, was detained. The record is not devoid of evidence that Hernandez Cordero had knowledge of and voluntarily participated in a conspiracy to possess with intent to distribute 500 grams or more of

methamphetamine  Thus, he has not demonstrated clear or obvious error. *See Suarez*, 879 F.3d at 630-31.

Hernandez Cordero also argues that a material variance exists between the indictment and the proof offered at trial in support of his methamphetamine-trafficking conviction.  Because Hernandez Cordero did not raise this claim in the district court, we review for plain error only.  *See United States v. Boswell*, 109 F.4th 368, 385 (5th Cir.), *cert. denied*, 145 S. Ct. 780 (2024).

There was no material variance on any of the grounds raised by Hernandez Cordero.  First, the indictment explicitly provided that beginning on August 1, 2022, and continuing through August 21, 2023, Hernandez Cordero conspired to possess with intent to distribute 500 grams or more of methamphetamine; it was not limited, as Hernandez Cordero argues, to a single 2023 transaction.  His assertion that the indictment alleged multiple, distinct conspiracies but the proof at trial was of a single conspiracy likewise fails.  The Government put on evidence that Hernandez Cordero participated in the methamphetamine-trafficking conspiracy, distinct from the firearms conspiracy. *See United States v. Meza*, 701 F.3d 411, 423-24 (5th Cir. 2012).  And even if the Government's proof at trial showed a single conspiracy that violated multiple statutes, there was no clear or obvious variance given the allegations in the indictment.

Next, Hernandez Cordero argues that the district court inappropriately considered the acts of others in calculating the quantity of drugs attributed to him.  Because he did not object on this basis before the district court, we review for plain error only.  *See United States v. Aderinoye*, 33 F.4th 751, 754 (5th Cir. 2022).  Hernandez Cordero did not offer evidence in the district court to rebut or otherwise show that the drug quantity findings in the presentence report, which had an adequate evidentiary basis, were

unreliable. Thus, he has failed to demonstrate error, plain or otherwise. *See United States v. Zuniga*, 720 F.3d 587, 591 (5th Cir. 2013).

Finally, Hernandez Cordero argues that the district court erred in applying the two-level enhancement under U.S.S.G. § 2D1.1(b)(5) for his offense involving methamphetamine importation. We review for clear error. *See United States v. Serfass*, 684 F.3d 548, 554 (5th Cir. 2012). There was no clear error given the evidence of Hernandez Cordero's involvement in the methamphetamine conspiracy. To the extent he is challenging his knowledge the drugs were imported, § 2D1.1(b)(5) applies "regardless of whether the defendant had knowledge of that importation." *See Serfass*, 684 F.3d at 552.

AFFIRMED.